UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DWAYNE CAMPBELL,

Defendant (5).

_____/

Case No. 18-cv-20483

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#148]

### I. INTRODUCTION

On March 1, 2019, Defendant Dwayne Campbell pled guilty to one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1). ECF No. 105. Specifically, Defendant's Rule 11 Agreement states that Campbell knowingly defrauded a financial institution by depositing fraudulent checks and unlawfully withdrawing those funds from Monroe Bank & Trust. *Id.* at PageID.397-398. On July 15, 2019, Defendant was sentenced to 24 months imprisonment. ECF No. 126, PageID.549.

Presently before the Court is the Defendant's Emergency Motion for Compassionate Release, filed on May 13, 2020. ECF No. 148. Defendant also submitted a supplemental Emergency Motion on June 5, 2020. ECF No. 159.

1

Following this Court's Order on May 29, 2020, Defendant's counsel submitted a supplemental brief. ECF No. 155. The Government filed a Response on June 23, 2020. ECF No. 160. Defendant did not file a Reply. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will DENY the Defendant's Motion [#148].

## II. FACTUAL BACKGROUND

Defendant Dwayne Campbell was sentenced on March 1, 2019 to serve 24 months in custody. *See* ECF No. 105. He pled guilty to one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). *Id.* According to his Rule 11 Agreement, Campbell and co-defendants "knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under custody and control of financial institutions." *Id.* at PageID.397. This conduct occurred from about October 6, 2017 to July 17, 2018. *Id.* Specifically, Defendant made two check deposits at Monroe Bank & Trust on November 27, 2017 and knew that "both checks were fraudulently obtained, fraudulently written, and fraudulently deposited." *Id.* at PageID.398.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF Nos. 147, 148, 156, 155, 159.

Defendant is twenty-seven years old and is serving his sentence at the Federal Correctional Institute in Milan, Michigan.  Defendant is set to be released on March 27, 2021.

In his instant Motion, Defendant argues that "[t]he short length of Mr. Campbell's sentence, combined with the expected continuation and resurgence of the pandemic, [] are substantial and compelling reasons to grant Mr. Campbell an early compassionate release."  ECF No. 155, PageID.766.  Further, Defendant notes that his elderly mother requires daily assistive care that she is not currently receiving while Defendant is incarcerated.  *See* ECF No. 159, PageID.789.  He therefore requests that he is granted early release from his sentence.  *Id.*

### III. ANALYSIS

#### A. Standard of Review

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release.  As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original

3

term of imprisonment), after considering the factors set forth in section
3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).  Accordingly, a court must address two key questions.

The first is whether a defendant has first exhausted all administrative remedies with

the BOP.  The second is whether, after considering "extraordinary and compelling

reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), warrant

a sentence reduction.

Moreover, a sentence reduction must be "consistent with applicable policy

statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  U.S.

Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which

this Court must comply with.  This section explains that a defendant must "not [be]

a danger to the safety of any other person or to the community" under 18 U.S.C. §

3142(g).  Further, a defendant must fit within at least one of four categories of

"extraordinary and compelling reasons."  Application Note 1 to U.S.S.G. § 1B1.13

provides, in relevant parts, when extraordinary and compelling reasons exist:

(A) Medical Condition of the Defendant

(ii) The defendant is (I) suffering from a serious physical
or medical condition, (II) suffering from a serious functional or
cognitive impairment, or (III) experiencing deteriorating
physical or mental health because of the aging process, that
substantially diminishes the ability of the defendant to provide

4

self-care within the environment of a correctional facility and from which he or she is not expected to recover.

…

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Here, Defendant asserts that his family history of serious medical conditions, combined with his continued incarceration during the COVID-19 pandemic, place him at an elevated risk of serious complications if he were to contract COVID-19. ECF No. 155, PageID.769.  Defendant additionally states that the 18 U.S.C. § 3553(a) factors favor his release because he has "nearly served the totality of his sentence" and that he is "low risk" and therefore not a danger to the community. ECF No. 155, PageID.770.

## B. Exhaustion

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves.  First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018).  In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831, 2020 U.S. App. LEXIS 17321 (6th Cir. 2020). In *Alam*, the Sixth Circuit rejected defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at *11 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government does not raise the issue of exhaustion. ECF No. 160, PageID.801. Indeed, Defendant petitioned the warden for consideration for compassionate release on April 15, 2020. ECF No. 148, PageID.748. The warden denied his petition two days later on April 17, 2020 via the prisoner email system. *Id.* Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons

are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements.  *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Milan.  Campbell does not establish the presence of any current medical conditions recognized by the Centers for Disease Control and Prevention ("CDC") that place him at an elevated risk for serious illness with COVID-19.  *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated July 17, 2020).  While Defendant mentions his "family history of cancer, diabetes, and high blood pressure," that does not by itself rise to the level of an extraordinary circumstance for release.  ECF No. 155, PageID.769.

Defendant also notes that he previously suffered a gunshot wound to the neck, which has created "respiratory issues [that make him] more susceptible to contracting the virus."  ECF No. 148, PageID.742.  This health condition, however, has not been confirmed by any medical records and was not expanded upon in his second supplemental motion filed by counsel [#155].  Because the severity of the injury or its impact on Defendant's health is only vaguely pleaded, the Court does

not find that this condition is an extraordinary or compelling reason warranting release.

Finally, Defendant is over thirty years younger than the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-19 complications.  Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19.  *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

The Court takes notice of Defendant's argument that he seeks compassionate release in order to care for his ailing mother because he was her primary caregiver prior to his incarceration.  ECF No. 159, PageID.789.  According to Defendant, she will be eighty years old this year and he typically helps by feeding and clothing her daily.  *Id.*

In response, the Government notes that "Defendant's release may increase the risk of infection with whom he may reside," and cautions against a finding of extraordinary circumstances here. ECF No. 160, PageID.804. Given the facts of this case, the Court agrees with the Government and finds that Defendant has not established that his family circumstances warrant release. The fact that Defendant's mother suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant. *See United States v. Wilson*, No. 15-20281, 2020 WL 3172647, at *3 (E.D. Mich. June 15, 2020). While the Court empathizes with Defendant's family's difficult situation, Defendant has failed to establish that these circumstances are extraordinary and compelling for this Court to grant him his requested relief.

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances, either from his own or his family's medical conditions, that warrant his early release.

### 1. Determination of Dangerousness to the Community and the 18 U.S.C. § 3553(a) Factors

As a final matter, a district court must determine that the defendant does not present a danger to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. Additionally, the court must also consider the sentencing factors under

18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction.  *See id.*

Here, the Government argues that Defendant is ineligible for compassionate release because he is a danger to the community.  ECF No. 160, PageID.805.  It highlights the strain of limited resources which society's first responders are currently operating within during the COVID-19 pandemic.  *Id.*  Defendant asserts that he is not a danger to the community because his underlying offense was non-violent, and he has been a model inmate who was granted work privileges while at FCI Milan.  ECF No. 155, PageID.770.  Defendant further states that "[a]llowing his release a mere nine months early create[s] no additional risk to the public."  *Id.*

Nevertheless, the Court concludes a non-violent offender like Defendant, who was involved in a complex, multi-defendant conspiracy scheme to commit identity theft and defraud financial institutions, may qualify as a danger and thus forecloses relief requesting early release.  The Court sentenced Defendant to the mandatory two-year imprisonment term for aggravated identity theft.  The Court did not and continues to not treat Defendant's conduct lightly.

The Court also agrees with the Government that consideration of the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of granting the requested relief. The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of

the offense; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

Here, Defendant has served about three-quarters of his sentence after participating in a complex scheme to defraud both individuals and financial institutions. The seriousness of the offense is reflected in the mandatory two-year sentence imposed upon Defendant. Additionally, the Government notes that Defendant failed to comply with his pretrial release conditions by failing twelve out of eighteen drug tests and not regularly attending his drug treatment sessions. ECF No. 160, PageID.808. These facts, as well as Defendant's prior aggravated assault conviction and outstanding active warrant, do not indicate that early release is warranted at this time. *See id.*

In sum, the Court finds that granting Defendant compassionate release at this juncture would inappropriately minimize the serious nature of his decision to steal the identities of innocent victims and defraud financial institutions for monetary gain. Accordingly, the § 3553(a) sentencing factors also weigh against Defendant's early release.

## IV. CONCLUSION

For the reasons discussed herein the Court will DENY Defendant's Motion

for Compassionate Release [#148].

**IT IS SO ORDERED.**


s/Gershwin  A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2020


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Dwayne
Campbell, No. 57021-039, Milan Federal Correctional Institution, 4004 East
Arkona Road, Milan, MI 48160 on
August 4, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager